## Lena Bieber, Defendant in Error, v. Fred Thoma and Otto Thoma. Fred Thoma, Plaintiff in Error.

### Gen. No. 20,495.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

### Statement of the Case.

Action by Lena Bieber against Fred Thoma and Otto Thoma, for damages for injuries sustained by reason of having been bitten by a dog alleged to have been the property of the defendants. From a judgment for plaintiff, Fred Thoma appeals.

F. H. NOVAK and CHARLES HUGHES, for plaintiff in error.

VINCENT G. GALLAGHER and ERNEST MESSNER, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 839*—*bill of exceptions must be filed.* Where a bill of exceptions has once been signed, the parties charged with presentation and filing thereof must file same within a reasonable length of time.

2. APPEAL AND ERROR, § 843*—*what is purpose of section 81 of Practice Act.* The provision in the Practice Act, sec. 81 (J. & A. ¶ 8618), permitting another judge to sign the bill of exceptions, is only to provide for a contingency that might arise, for which neither of the parties is responsible,—the disability of the judge.

3. APPEAL AND ERROR, § 843*—*what showing necessary to permit signing of bill of exceptions by another judge.* The fact that the trial judge is physically disabled must affirmatively appear in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

order, by virtue of which another judge under the Practice Act, sec. 81 (J. & A. ¶ 8618), signs a bill of exceptions *nunc pro tunc*.

4. APPEAL AND ERROR, § 843*—*when signing of bill of exceptions by another judge unauthorized.* The signing of a bill of exceptions and the ordering of the filing thereof as per day of presentation by a judge who did not try the case does not confer validity upon it, where the bill of exceptions was marked "presented" by the trial judge and filed without his signature with the clerk of court before the expiration of the time for filing, and there was nothing in the order of the second judge or in the record to show that the trial judge was unable to sign the bill of exceptions before it was filed with the clerk, or for five weeks after expiration of date of filing.